Note: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7267

SHERWOOD BROWN,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Sherwood Brown, of Oklahoma City, Oklahoma, pro se.

Matthew H. Solomson, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Deborah A. Bynum, Assistant Director.

Appealed from: United States Court of Appeals for Veterans Claims

Chief Judge William P. Greene, Jr.

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7267

SHERWOOD BROWN,

Claimant- Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED: May 8, 2008

_____

Before MICHEL, <u>Chief Judge</u>, PROST, <u>Circuit Judge</u>, and HOCHBERG,[*] <u>District Judge</u>.

PER CURIAM.

Sherwood Brown appeals an April 30, 2007 decision of the Court of Appeals for Veterans Claims ("Veterans Court") affirming a decision of the Board of Veterans' Appeals ("Board") denying his claim of clear and unmistakable error ("CUE") in prior Board adjudications, such that he would be entitled to earlier service date for his knee disability.  We <u>dismiss</u> for lack of jurisdiction.

I

Brown served on active duty from August 1960 to February 1961.  At the time of his enlistment, Brown had pre-existing injuries to both knees.  He experienced difficulty with his knees in service in or around November 1960 and was ultimately recommended

---

[*]   Honorable Faith Hochberg, District Judge, United States District Court for the District of New Jersey, sitting by designation.

for separation because of medical disqualification in February 1961. Shortly after his separation, Brown filed a claim for disability compensation.

Both in August 1961 and April 1977, the Board denied Brown's claim for service connection for his injuries to both knees, finding that his condition existed prior to service and that he had not shown that his condition was aggravated by service. In September 1994, Brown sought to re-open his claim, and in 1998, he submitted to the Regional Office ("RO") a medical opinion stating that there was "at least a significant aggravation of his pre-existing condition during the course of his enlisted days." In January 2000, the RO again denied his claim. But on appeal, the Board reversed finding service connection for his knee disability based on the 1998 medical opinion, and the RO ultimately assigned September 1, 1994 as the effective date for service connection.

In December 2001, Brown submitted a motion for revision, contending that the Board committed CUE in the 1961 and 1977 decisions. On December 10, 2004, the Board held that no CUE had been committed based on the law and medical evidence before the Board at the time of the 1961 and 1977 decisions.

Brown then appealed to the Veterans Court, and in April 2007 in a single-judge disposition, the Veterans Court affirmed. In particular, the court rejected Brown's argument that he was prohibited from submitting evidence from his treating physician at the time of the 1961 and 1977 Board decisions. The Veterans Court also held that it lacked jurisdiction to consider Brown's contention that he should receive an earlier effective date for his claim for total disability based on individual unemployability ("TDIU") because there was not yet a final Board decision on that claim.

II

Our jurisdiction to review decisions of the Veterans Court is limited. We have jurisdiction to "review and decide any challenge to the validity of any statute or regulation or any interpretation thereof" by the Veterans Court "and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(a), (c). Unless the appeal presents a constitutional issue, however, this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

On appeal, Brown argues that he should be awarded benefits for his knee disability from the date of his discharge, i.e., 1961, rather than the date of re-opening of his claim. Specifically, he contends that the Board committed CUE in its 1961 and 1977 decisions rejecting his claim because his medical records in service showed that his knee disability was aggravated during service. Because these issues are factual ones, however, we lack jurisdiction to review them. 38 U.S.C. § 7292(d)(2).

Brown raises other issues related to his TDIU claim, his claim for a spinal condition, and his claim for flat feet. It appears that there has been no final decision on these claims, and thus they are not properly raised in this appeal.

Accordingly, we dismiss for lack of jurisdiction.